Dawn M. McCraw (OSB #192645)
E: dawn@pricelawgroup.com
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
*Attorneys for Plaintiff,*
*Andra Kinzer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## (PENDLETON DIVISION)

| | |
|---|---|
| ANDRA KINZER,<br><br>         Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>       Defendant. | Case No.:  2:20-cv-02252<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br>2. Oregon Fair Debt Collection Practices Act, O.R.S. § 646.639<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Andra Kinzer ("Plaintiff"), by and through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Defendant" or "Capital One"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates

COMPLAINT AND DEMAND FOR JURY TRIAL

the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.  Count II of Plaintiff's Complaint is based upon the Oregon Fair Debt Collection Practices Act ("OFDCPA"), O.R.S. § 646.639, which prohibits debt collectors from communicating with a debtor repeatedly or continuously or at times known to be inconvenient to the debtor with the intent to harass or annoy the debtor.

3.  Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion Upon Seclusion, as derived from § 652B of Restatement (Second) of Torts, which prohibits an intention intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5.  Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Plaintiff is a citizen of Oregon, and Defendant is a citizen of Virginia.

6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.  Defendant transacts business here; therefore personal jurisdiction is established.

## PARTIES

8.  Plaintiff is a natural person residing in La Grande, Union County, Oregon.

9.  Capital One is a creditor with a principal place of business and registered agent located in Richmond, Virginia. Defendant can be served with process at its registered agent Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 23219-4100.

10. Capital One acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

12. In or around March 2019, in an attempt to collect on one or more alleged consumer accounts, Capital One began calling Plaintiff on her cellular phone number ending in 8287.

13. The calls originated mainly from following telephone number: (800)-365-2020.

14. Upon information and belief, these telephone numbers are owned, operated, or controlled by Capital One or its agent(s).

15. On or about March 8, 2019 Plaintiff answered a call from Capital One and spoke with a representative.

16. After picking up the call, Plaintiff noticed a short pause before the Capital One representative began speaking, consistent with the use of an automatic dialing system.

17. Capital One's representative informed Plaintiff that Capital One was attempting to collect a debt incurred by Plaintiff.

18. Plaintiff informed the representative that she was struggling financially and unable to make a payment. Plaintiff then told the Capital One representative to stop calling her cellular phone, thereby revoking consent.

19. Despite Plaintiff expressly informing Capital One to not call her and that she could not pay at the time, Capital One continued hounding Plaintiff for a payment.

20. Between March 8, 2019 and May 24, 2019, Capital One called Plaintiff on her cellular phone approximately **one hundred and thirty (130)** times after Plaintiff had unequivocally revoked consent to be called.

21. During that time period, Capital One called Plaintiff virtually every day, numerous times a day. In fact, Capital One called Plaintiff as many as three (3) times per day on multiple occasions.

22. Upon information and belief, Capital One also left pre-recorded or artificial voice messages for Plaintiff on Plaintiff's voicemail.

23. Upon information and belief, Capital One is familiar with the TCPA and OFDCPA.

24. Capital One's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able to.

25. Capital One's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Capital One's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained why she could not repay Capital One and expressly revoked consent to be called.

26. Plaintiff has been struggling financially and has been working hard to stay on top of her financial obligations.

27. As such, Plaintiff is under an immense amount of stress and Capital One's calls have only exacerbated her stress and anxiety.

28. As a result of Capital One's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

### COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with

the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the OFDCPA, O.R.S. 646.639)

32. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

33. Defendant violated the OFDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated O.R.S. § 646.639(2)(e) by "communicat[ing] with a debtor . . . repeatedly or continuously or at time known to be inconvenient to the debtor . . .with the intent to harass or annoy the debtor. . ."

34. Defendant's act, as described above, were done intentionally with the purpose of annoying or harassing Plaintiff enough to pay the alleged debt.

35. As a result of Defendant's violations of O.R.S. 646.639, Defendant is liable to Plaintiff for actual or statutory damages, and attorneys' fees and costs.


## COUNT III
### (Invasion of Privacy - Intrusion Upon Seclusion)

36. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically, or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls, of which would be highly offensive to a reasonable person, in an attempt to collect on an alleged debt despite Plaintiff's request for calls to cease.

b. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Andra Kinzer, respectfully requests judgment be entered against Defendant Capital One Bank, N.A. for the following:

A.      Declaratory judgment that Defendant violated the TCPA;

B.      Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C.      Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D.      Actual damages pursuant to O.R.S. § 646.641(2);

E.      Statutory damages of $200.00 pursuant to O.R.S. § 646.641(2);

F.      Costs and reasonable attorneys' fees pursuant to O.R.S. § 646.641(1);

G.      Actual and punitive damages for the invasion of Plaintiff's privacy;

H.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I.      Any other relief that this Honorable Court deems appropriate.


///

///

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.


Respectfully submitted this 24th day of December 2020.


*/s/ Dawn M. McCraw*
Dawn M. McCraw,
(OSB #192645)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorneys for Plaintiff,*
*Andra Kinzer*